MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 141
Docket:        And-15-23
Submitted
 On Briefs:    September 28, 2015
Decided:       November 5, 2015

Panel:         ALEXANDER, MEAD, <u>GORMAN</u>, JABAR, and HUMPHREY, JJ.

## U.S. BANK, N.A.

v.

## DAVID R. TANNENBAUM

GORMAN, J.

[¶1] David R. Tannenbaum appeals from a judgment in his favor entered in the District Court (Lewiston, *Lawrence, J.*) on U.S. Bank, N.A.'s (the Bank's) residential foreclosure complaint. Tannenbaum contends that the court erred in expressly reserving in the judgment the Bank's right to relitigate the same issues in a subsequent foreclosure action. We agree and vacate that portion of the judgment, and we affirm in all other respects.

## I. BACKGROUND

[¶2] The Bank filed a residential foreclosure complaint against Tannenbaum on August 16, 2011.[1] The Bank alleged that Tannenbaum executed a promissory

---

[1] The complaint was initially filed by Alaska Seaboard Partners Limited Partnership. Really Special Assets, LLC was substituted as the named plaintiff by order dated November 29, 2012. The Bank was substituted as the named plaintiff by order dated September 13, 2013.

2

note and a mortgage securing the note on certain property in Lisbon Falls in 2005; that he defaulted on the note by failing to make monthly mortgage payments due beginning October 1, 2010; and that, through a series of endorsements and assignments, the Bank had acquired rights in the mortgage and authority to enforce the note.

[¶3]   After a nonjury trial on September 30, 2014, the court entered a judgment on the merits in Tannenbaum's favor.   In its judgment, the court determined that the Bank had failed to provide Tannenbaum with a notice of the default and of his right to cure that met the requirements of 14 M.R.S. § 6111 (2014).   Despite entering a judgment in Tannenbaum's favor, however, the court also "reserve[d] to the parties the right to re-litigate all issues in a properly commenced future foreclosure action."   Tannenbaum appeals, challenging only that portion of the court's judgment that prospectively reserved to the Bank the right to relitigate a second foreclosure action.[2]

---

[2]   Although Tannenbaum appeals from a judgment in his favor, he nonetheless has standing to pursue the appeal because sufficient adverse collateral consequences could arise from the portion of the judgment that he challenges.  *See Bos. & Me. Corp. v. State Tax Assessor*, 2005 ME 114, ¶ 7 n.3, 884 A.2d 1165; *Sevigny v. Home Builders Ass'n of Me., Inc.*, 429 A.2d 197, 200-02 (Me. 1981).

## II. DISCUSSION

[¶4]  Tannenbaum contends that the District Court did not have the authority to issue a final judgment on the merits in his favor and simultaneously provide that the Bank could relitigate the same issues in a subsequent foreclosure action. The Bank does not appeal from the judgment in Tannenbaum's favor or challenge the court's determination that notice of default was inadequate; it argues only that the court acted within its authority in preserving the Bank's right to bring a second foreclosure action.  "The trial court's authority to undertake particular action . . . is an issue of law that we examine de novo."  *In re Estate of Kingsbury*, 2008 ME 79, ¶ 7, 946 A.2d 389.

[¶5]  As we have held explicitly, a notice of default that comports with the requirements of section 6111 is a substantive element of proof in a foreclosure action.  *Bank of Am., N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, ¶¶ 18, 29-31, 96 A.3d 700; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508; *see also Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 7, --- A.3d ---. Here, therefore, the court's judgment in Tannenbaum's favor was grounded in a failure of proof—inadequate notice of default—and was a final judgment on the merits.

[¶6]  Generally, a subsequent action raising the same issues as an action already adjudicated on the merits would prompt a res judicata analysis.

4

*See Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097 ("The doctrine of res judicata prevents the relitigation of matters already decided . . . ."). Res judicata "bars the relitigation of claims if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." *Wilmington Trust Co. v. Sullivan-Thorne*, 2013 ME 94, ¶ 7, 81 A.3d 371 (quotation marks omitted). Here, by reserving to the parties the right to relitigate a second foreclosure claim, the court attempted to avoid the possibility that that second claim would be barred by res judicata.[3]

[¶7]  In support of its reservation, the court cited *Norton v. Town of Long Island*, 2005 ME 109, ¶¶ 14-20, 883 A.2d 889.  In *Norton*, we vacated in part the Superior Court's dismissal of a claim to quiet title based on res judicata, reasoning that res judicata "does not . . . apply when a court 'reserves a party's right to maintain a second action, *as happens when a court dismisses a claim without prejudice*.'"  *Id.* ¶ 18 (emphasis added) (quoting *Pascoag Reservoir & Dam, LLC*

---

[3]  Although the parties expend considerable effort to argue the issue, we do not address whether the doctrine of res judicata would in fact bar a subsequent foreclosure action by the Bank.  The issue is not ripe for review because the plaintiff has not filed a second action.  Thus, the contours of any potential future action are unknowable, and a determination as to whether res judicata would bar that action would not resolve "a concrete, certain, and immediate legal problem." *Johnson v. City of Augusta*, 2006 ME 92, ¶ 7, 902 A.2d 855 (quotation marks omitted); *see also Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 10, --- A.3d --- (declining, under similar circumstances, to address the "entirely hypothetical" question of whether a future foreclosure action would be barred by res judicata).

*v. Rhode Island*, 217 F. Supp. 2d 206, 213 (D. R.I. 2002)).  This exception

originates in the Restatement (Second) of Judgments, which further provides:

> It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. A determination by the court that its judgment is "without prejudice" (or words to that effect) to a second action on the omitted part of the claim . . . should ordinarily be given effect in the second action.

Restatement (Second) of Judgments § 26(b)(1) cmt. b (1982).

[¶8]  We have not described specifically what "special reasons" are

sufficient to justify allowing a plaintiff to relitigate issues in a future proceeding.

In *Norton*, the only case in which we have applied the exception, we vacated the

Superior Court's res judicata dismissal of a quiet title claim based on our

determination that the federal court hearing Norton's initial action would have

declined supplemental jurisdiction over his quiet title claims, and thus res judicata

did not bar him from bringing the quiet title action later in the Superior Court.

2005 ME 109, ¶ 20, 883 A.2d 889.

[¶9]  Here, by contrast, the court did not decline jurisdiction over the matter,

nor did it dismiss the claim for lack of standing, an appropriate response when a

plaintiff lacks standing to sue.  *Bank of Am., N.A. v. Greenleaf* (*Greenleaf II*),

2015 ME 127, ¶¶ 7-9, --- A.3d ---.  The judgment in Tannenbaum's favor was

grounded in the Bank's failure to prove, by a preponderance of the evidence, that it had given Tannenbaum notice of the default in a manner that complied with section 6111. The court did not give any special reason for its reservation, indicating only that it viewed noncompliance with the foreclosure statute as preventing the Bank from commencing a foreclosure action at all.

[¶10] Purportedly relying on *Norton*, the court expressed the exception slightly differently, stating that "claim preclusion, the relevant component of res judicata, does not apply when a court reserves a party's right to maintain a second action; such a judgment functions like a dismissal without prejudice." We have never applied the exception to authorize a court to transform a final judgment on the merits into a decision tantamount to a dismissal without prejudice, simply by stating that the parties may relitigate the issues in a future proceeding, and we decline to do so now. If the Bank, or some other plaintiff, commences another foreclosure action against Tannenbaum in the future, the court hearing that action will conduct the appropriate res judicata analysis based on the circumstances at that time. Because the court entered a final judgment on the merits in favor of Tannenbaum, and because we identify no special reason for affirmatively reserving the parties' rights to relitigate, we vacate the portion of the judgment that allows the parties to relitigate any issues in a future foreclosure action. We affirm the judgment in all other respects.

The entry is:

> That portion of the judgment reserving to the parties the right to relitigate all issues in a future foreclosure action is vacated. The judgment in Tannenbaum's favor is affirmed in all other respects.

---

**On the briefs:**

Thomas A. Cox, Esq., Portland, for appellant David Tannenbaum

Paul D. Weinstein, Esq., Bendett & McHugh, P.C., Portland, for appellee U.S. Bank, N.A.

Lewiston District Court docket number RE-2011-192
FOR CLERK REFERENCE ONLY