MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 149
Docket:        And-15-379
Submitted
 On Briefs:    May 26, 2016
Decided:       October 11, 2016

Panel:         ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION
TRUST

v.

BEVIN L. (HOOPER) MACKENZIE

HJELM, J.

[¶1]   In this foreclosure action brought by U.S. Bank Trust, N.A., as

Trustee for LSF8 Master Participation Trust (the Bank), Bevin L. (Hooper)

Mackenzie—the mortgagor—moved for summary judgment on the ground

that, inter alia, the requisite notices of default and right to cure were deficient.

Although the District Court (Lewiston, *Dow, J.*) agreed with Mackenzie's

contention, it entered an order dismissing the complaint without prejudice,

expressly reserving to the Bank the right to commence a new action if it were

to issue a statutorily compliant notice of default and right to cure.  On this

appeal by Mackenzie, she argues that she is entitled to a summary judgment

rather than merely a dismissal of the matter without prejudice because the

defective notices of right to cure constitute a substantive defect in the Bank's

2

cause of action.[1]  In the absence of a cross-appeal by the Bank, we affirm the dismissal of the complaint but remand with instructions for the court to revise its order so that it is with prejudice but does not establish the parties' rights in any future litigation.

## I.  BACKGROUND

[¶2]  In its complaint, the Bank alleges the following facts, which we recite to provide some context for our discussion of the procedural issues in this case.

[¶3]  In 2001, Mackenzie and Jim B. Hooper acquired two parcels of real property located in Leeds.  In September 2004, Hooper executed a loan repayment and security agreement with Beneficial Maine, Inc.  To secure Beneficial's right to receive payments under the loan agreement, Mackenzie and Hooper executed a mortgage deed in favor of Beneficial.

[¶4]  Having received no payments since 2011 toward the loan obligation, in December 2013 Beneficial sent separate but substantively identical notices of default and right to cure to Hooper and Mackenzie.

---

[1]  Although Mackenzie's appeal is from a judgment in her favor, she has standing to appeal because "sufficient adverse collateral consequences could arise from the portion of the judgment that [s]he challenges." *U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 3 n.2, 126 A.3d 734.

*See* 14 M.R.S. § 6111 (2014).[2]  After sending the notices, Beneficial still did not receive any payments, and in March 2014, it filed a complaint in the District Court against Mackenzie and Hooper, alleging a default for failure to make payments required under the loan agreement and seeking to foreclose on the mortgaged properties.  *See* 14 M.R.S. §§ 6321-6326 (2015).  Beneficial attached copies of the notices of right to cure as exhibits to the complaint.

[¶5]  While the action was pending, Beneficial assigned the loan agreement and mortgage to the Bank, and the court (*Schneider, J.*) granted Beneficial's motion to substitute the Bank as the plaintiff.  Following two unsuccessful mediation sessions, Mackenzie filed a motion for summary judgment supported by a statement of material facts.  *See* M.R. Civ. P. 56.  In her motion, Mackenzie argued, among other things, that the notices of right to cure were deficient because they did not satisfy the requirements of section 6111(1-A).[3]  The Bank opposed the motion and argued in part that the motion for summary judgment should be denied because Mackenzie's statement of material facts failed to establish that her factual assertions would be admissible in evidence and therefore did not comply with the requirements

---

[2]  Title 14 section 6111 has since been amended.  *See* P.L. 2015, ch. 36, §§ 1, 2 (effective Oct. 15, 2015) (codified at 14 M.R.S. § 6111 (2015)).  References in this opinion to section 6111 are to the version in effect at the time the notices of right to cure were sent.

[3]  The parties do not dispute that section 6111, which establishes the requirements and procedure for notices of right to cure affecting residential mortgages, applies in this case.

4

of M.R. Civ. P. 56(e). The Bank also argued that the notices of right to cure were sufficient. In her reply, Mackenzie filed an amended statement of material facts in an apparent attempt to rectify the formal deficiencies in her original statement.

[¶6] After holding a hearing on the motion, in July 2015 the court (*Dow, J.*) issued an order concluding that "the notice of right to cure did not comply with statutory requirements." On that basis, the court dismissed the complaint without prejudice "so that [the Bank] may send notice in compliance [with] 14 M.R.S. § 6111 at least thirty[-]five days before filing its complaint for foreclosure."[4] Mackenzie's appeal followed.

## II. DISCUSSION

[¶7] Mackenzie contends that the court erred by dismissing the complaint without prejudice rather than issuing a summary judgment in her favor because the court's conclusion that the notices of right to cure did not comply with statutory requirements constitutes an adjudication of the Bank's claim on the merits.

---

[4] Hooper did not join in Mackenzie's motion, perhaps because, as the record suggests, Hooper no longer is an owner of the mortgaged properties. At the motion hearing, however, the Bank acknowledged that if the court ruled in favor of Mackenzie, the judgment would also run in favor of Hooper. The court's order of dismissal disposed of all claims asserted in the complaint, including the claim against Hooper, and it therefore operates as a final judgment. *See* M.R. Civ. P. 54.

[¶8]  The Bank argues that the court erred by granting *any* relief to Mackenzie, including a dismissal of the complaint, because Mackenzie's summary judgment submissions did not satisfy the evidentiary standards of Rule 56(e) and because, in any event, the notices of default and right to cure satisfied the requirements of section 6111.  The Bank, however, did not file a cross-appeal.  "A cross-appeal is essential if a party other than the appellant wishes to raise an issue and modify a judgment in a manner that is different from the change in the judgment sought by the appellant."  Alexander, *Maine Appellate Practice* § 2.7(a) at 39 (4th ed. 2013); *see also Costa v. Vogel*, 2001 ME 131, ¶ 1 n.1, 777 A.2d 827.  Because the Bank failed to file a cross-appeal, it has forfeited any opportunity to argue on appeal that the court's order should be vacated and the case remanded for trial.  The only remaining question therefore is whether, when the court dismissed the complaint, it committed error by stating that the dismissal was without prejudice and explicitly providing that the Bank could send a new notice of default and right to cure and then file a new complaint for foreclosure.

[¶9]  Although Mackenzie framed her motion as one for summary judgment, one of the bases for her motion—and the basis that ultimately the court invoked to grant the motion—was the sufficiency of the notices of

6

default and right to cure sent to Hooper and her. The original plaintiff, Beneficial, had attached the notices to its complaint and incorporated them by reference, and so the notices are part of the complaint. *See Andrews v. Sheepscot Island Co.*, 2016 ME 68, ¶¶ 2, 8, 138 A.3d 1197. Accordingly, Mackenzie's motion did not go beyond the complaint and the incorporated notices, and in effect the parties and the court itself treated Mackenzie's motion as a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), which tests the legal sufficiency of a complaint to state a claim for relief. *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992). Although the Bank argues here, as it did below, that Mackenzie did not create a proper summary judgment record, the Bank cannot be heard to complain that the court erred in considering the notices of default and right to cure that were attached to its complaint by Beneficial, the entity that assigned the underlying rights to the Bank.[5]

[¶10] Because the Bank did not file a cross-appeal, we are not called on to address the merits of the court's determination that the notices of default and right to cure failed to satisfy the requirements of section 6111. Rather,

---

[5] Pursuant to M.R. Civ. P. 12(b), the court may treat a Rule 12(b)(6) motion to dismiss for failure to state a claim as a motion for summary judgment when the motion is dependent on material extrinsic to the complaint. If it does so, the court must allow the parties an opportunity to engage in the summary judgment motion process created in Rule 56. Here, because the parties' arguments were based on the complaint and the attached notices, the parties and the court did the opposite— they treated Mackenzie's Rule 56 motion as if it were a Rule 12(b)(6) motion. In the unique circumstances of this case, we assume that this process is permissible, and we need not and do not address whether the Rules actually allow this analytical transformation.

because Mackenzie argues that the disposition of her motion should be on the merits, we consider only the effect of the dismissal.

[¶11]  When in a foreclosure action a court determines that a notice of default and right to cure sent to the mortgagor is defective, that determination reaches the merits of the claim for foreclosure.  *See Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216; *see also Tannenbaum*, 2015 ME 141, ¶ 5, 126 A.3d 734.  In *Girouard*, that disposition was in the form of a summary judgment.  2015 ME 116, ¶¶ 7, 9, 123 A.3d 216.  Here, the court's order was based on a Rule 12(b)(6) analysis.  A dismissal pursuant to Rule 12(b)(6) nonetheless is an adjudication on the merits, and it "is with prejudice."  *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 9, 708 A.2d 283.  The court therefore erred by dismissing the complaint without prejudice rather than with prejudice.[6]  *See id.*

---

[6]  In *Wells Fargo Bank, N.A. v. Girouard*, we held that when a notice of right to cure is defective, the mortgagor is entitled to a judgment on the merits.  2015 ME 116, ¶ 11, 123 A.3d 216.  The trial court in *Girouard*, acting on the mortgagor's motion for summary judgment, issued an order dismissing the complaint *without prejudice.  Id.* ¶ 3.  We vacated the order and remanded for entry of a summary judgment in favor of the mortgagor.  *Id.* ¶ 11.  Here, we amend the judgment so that the dismissal of the complaint is *with prejudice* and therefore clearly stands as an adjudication on the merits, *see Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 9, 708 A.2d 283— just as a summary judgment would.  Although we stated in *Girouard* that when the notice of right to cure is defective, a trial court errs by "characteriz[ing] the disposition of the claim as a dismissal," 2015 ME 116, ¶ 11, 123 A.3d 216, we clarify by noting that a dismissal pursuant to Rule 12(b)(6) *is* proper if it is apparent that the dismissal is with prejudice.

Furthermore, the situation presented here, where the defendant seeks an adjudication on the merits, is distinct from an instance where a plaintiff seeks to dismiss its own claim under M.R.

[¶12]   As we also stated in *Girouard*, however, a court should refrain from addressing the effect that an adjudication on the merits will have on some future action:

> Consideration of this issue is necessarily speculative . . . because, if the issue arises at all, it will be generated by events that have not yet happened and at present are entirely hypothetical.  Therefore, we do not address this issue, leaving it to another day if it becomes an actual controversy.

*See* 2015 ME 116, ¶ 10, 123 A.3d 216; *see also Tannenbaum*, 2015 ME 141, ¶ 6 n.3, 126 A.3d 734 ("[T]he contours of any potential future [foreclosure] action are unknowable, and a determination as to whether res judicata would bar that action would not resolve a concrete, certain, and immediate legal problem." (quotation marks omitted)).   Here, the court explained that it dismissed the complaint without prejudice "so that [the Bank] may send notice in compliance [with] 14 M.R.S. § 6111 at least thirty[-]five days before filing its complaint for foreclosure."  To the extent that this comment is seen as a determination of the parties' rights in connection with some future legal proceeding, the comment is premature.[7]   Rather, any proper consideration of

---

Civ. P. 41(a)(2) due to lack of standing.  *See U.S. Bank N.A. v. Curit*, 2016 ME 17, ¶¶ 9-10, 131 A.3d 903.  In that instance, the dismissal is *without* prejudice because the court has not reached the merits.  *See id.* ¶ 10.

[7]  If, on the other hand, such a comment is treated merely as a neutral statement of the *actions* the Bank might take in the future, without reaching the question of whether those actions are *legally proper*, then the comment is not an advisory opinion.  Because the court's comment can be

the parties' rights—including the right of the Bank to commence a new foreclosure action—must be deferred to "another day." *Id.; see also Clark v. Hancock Cty. Comm'rs*, 2014 ME 33, ¶ 12, 87 A.3d 712 (stating that when there is no pending action, a court's adjudication of the issues that might be presented there "would result in an improper advisory opinion."). That future occasion—if there is one—is when it will be proper for the court to adjudicate any claims that the parties assert, based on an actual pending controversy, and not on speculative and hypothetical facts.

[¶13] We therefore affirm the dismissal of the complaint but remand with instructions to correct the order so that it provides for a dismissal with prejudice and leaves for any future proceeding a determination of what effect, if any, the dismissal with prejudice in this action will have on that proceeding.[8]

The entry is:

---

read in the broader terms we have described in the text, however, we remand the matter for the trial court to revise the terms of its order.

[8] In her brief, Mackenzie asks us to remand the case with instructions that the trial court direct the Bank to discharge the mortgage. Mackenzie did not request this relief in the trial court and therefore has not preserved this claim for appeal. *See Warren Constr. Group, LLC v. Reis*, 2016 ME 11, ¶¶ 9-10, 130 A.3d 969.

Order of dismissal affirmed. Remanded for correction of the order as set forth in this opinion.

---

**On the briefs:**

L. Clinton Boothby, Esq., Boothby Perry, LLC, Turner, for appellant Bevin L. (Hooper) Mackenzie

Leonard F. Morley, Jr., Esq., William B. Jordon, Esq., and Corey S. Hadley, Esq., Shapiro & Morley, LLC, South Portland, for appellee U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust

Lewiston District Court docket number RE-2014-76
FOR CLERK REFERENCE ONLY