STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     AUGUSTA
                                                  DOCKET NO. RE-15-062


PATRICIA L. PECK, TRUSTEE
et. als.
        Plaintiff


v.                                                **DECISION AND ORDER**


RONALD HINKLEY,
        Defendant

        This matter was tried to the undersigned on July 27, 2016 with respect to the Complaint for Foreclosure filed 9/29/15.   Both parties were represented by counsel and testified in this matter.   After hearing, and after the Court has had an opportunity to review the file, pertinent statutes and case law, and the briefs filed by counsel on August 12 and 17, 2016, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Decision and Order** set forth below is based:

        1.   Counsel for Plaintiff presented the testimony of Plaintiff Patricia Peck, who testified that she first lent $60,000.00 to Defendant Ronald Hinkley and his then-wife Rebecca Hinkley[1] on or about October 2, 2006. The money was to be repaid one year later, specifically on October 2, 2007.  The proceeds of the loan were to be used by the Defendant to purchase property in Monmouth.

        2.   The parties subsequently agreed to extend the term of the original note by Modification Agreement dated 8/26/08 to April 12, 2009.   *See* Plaintiff's exhibits A and A-1 for more details.

        3.   Plaintiff completely rewrote the note by reducing the interest rate, reducing the monthly payment due on the note, and extending the term of the note to April 12, 2014.  Late fees incurred to date were waived.   *See* Plaintiff's exhibit A-2 for more details.

        4.   Plaintiff loaned the Defendant and his then-wife an additional $31,000.00 on or about April 12, 2007 "for them complete repairs on the place…" according to Plaintiff.   *See* Plaintiff's exhibit B for more details.

---

[1] She is referred to as "Becky Hinkley" in Exhibit A.

5. Plaintiff's exhibit C was a copy of the mortgage associated with the loan and associated note, Plaintiff's exhibit A. Exhibit D was a copy of the mortgage associated with the later notes.

6. The Defendant fell behind regarding the two notes and mortgages; accordingly Plaintiff retained an attorney to send the Hinkleys a letter in April of 2015 contending that they were in breach of their obligation under the note and mortgage for failure to make timely payments respecting same, *see* Plaintiff's exhibit E for more details.

7. The Defendants at the time of the loans were not living at the premises the mortgages are related, at least according to the Plaintiff.

8. The dispute in this case centers around whether the loans in question were commercial in nature or instead related to property that the Defendants were residing at.

9. The mortgage documents are labeled "**MAINE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**" (emphasis in the original). Paragraph 6 of the mortgage reads in part that the borrower "will occupy the property and use the property as my principal residence within 60 days after I sign this Security Instrument..." It seems reasonable for the undersigned to assume this form was created for a **residential** instead of **commercial** mortgage.

10. The Court finds that the Hinkleys purchased the property with the intention of residing in the property. The Court finds further that the Hinkleys in fact moved into the property and have since resided in the property since approximately 2010-2011.

11. It cannot be reasonably disputed that the Hinkleys have fallen seriously behind on their loan obligations owed to Plaintiff; however, that is not the critical issue here. The critical issue is whether 14 M.R.S. § 6111 applies to the facts of this case. The Court finds that it does, and that there is insufficient evidence of a properly served notice of default and right to cure, including a failure to prove the amount due on the foreclosure notice.[2]

12. Pursuant to *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116 and *U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust v. (Hooper) Mackenzie*, 2016 ME 149, the Court enters **Judgment for Defendant**.

13. The Court does not make an award of attorney's fees in this matter, as 14 M.R.S. § 6101 makes such an award discretionary with the Court, and the undersigned does not find any bad faith or undue length of litigation present

---

[2] Counsel for Plaintiff candidly and accurately acknowledges in his brief that if this is a residential mortgage that the notice sent by Plaintiff's previous counsel did not satisfy subparts D,E,F, G, and H of 14 M.R.S. § 6111(1).

in this matter as was the case in *Bank of N.Y. v. Dyer,* 2016 ME 10.

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 10/31/16

BY _____

Robert E. Mullen, Deputy Chief Justice
Maine Superior Court