MAINE SUPREME JUDICIAL COURT                                  Reporter of Decisions
Decision:    2017 ME 68
Docket:      Cum-16-159
Argued:      December 14, 2016
Decided:     April 11, 2017

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.


GREEN TREE SERVICING, LLC

v.

THELMA J. COPE et al.


HJELM, J.

[¶1]  Green Tree Servicing, LLC, commenced this residential foreclosure action against Thelma J. Cope even though it did not own the mortgage on Cope's property and therefore did not have standing.  Shortly before the trial was to be held, Green Tree moved to dismiss its complaint without prejudice for lack of standing.  *See* M.R. Civ. P. 41(a)(2).  The Superior Court (Cumberland County, *Mills, J.*) dismissed the complaint but ordered that the dismissal was *with* prejudice as a sanction for Green Tree's pretrial conduct.  Green Tree moved for reconsideration, *see* M.R. Civ. P. 59(e), and the court entered an amended order that dismissed the action *without* prejudice based on its conclusion that it did not have the authority to impose a dismissal with

2

prejudice, even as a sanction, because Green Tree did not have standing to bring the foreclosure complaint in the first place.

[¶2]  On this resulting appeal by Cope,[1] we clarify that, when the circumstances warrant, a trial court retains the authority to dismiss a foreclosure complaint with prejudice as a sanction, even when the plaintiff lacks standing.  We therefore vacate the judgment and remand for further proceedings.

## I.  BACKGROUND

[¶3]  In May 2014, Green Tree Servicing, LLC, filed a complaint against Cope to foreclose on her residential property located in Portland.[2]  Green Tree alleged that Cope had executed a promissory note in favor of First Magnus Financial Corporation in July 2005; that the note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as "nominee" for First Magnus Financial Corporation; that Green Tree had acquired an interest in the mortgage through a series of assignments beginning with an initial assignment from MERS; that Green Tree possessed

---

[1]  Although Cope's appeal is from a judgment in her favor, she has standing to "appeal because sufficient adverse collateral consequences could arise from the portion of the judgment that [s]he challenges."  *U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 3 n.2, 126 A.3d 734.

[2]  The complaint named, as a party-in-interest, the Bank of New York Mellon, which Green Tree alleged held a junior interest in the mortgaged property.  *See* 14 M.R.S. § 6321 (2014), *amended by* P.L. 2015, ch. 229, § 1 (effective October 15, 2015).  The Bank has not participated in this appeal.

the original note endorsed in blank; and that Cope had not made any payments on the note since June 2009.

[¶4] After an unsuccessful mediation session held in September 2014, the court issued a scheduling order that established a discovery deadline of March 16, 2015, and a deadline for motions fourteen days after the close of discovery. In late May, the parties were notified that a trial would be held on July 21. On July 1—three months after the court-ordered deadline to file motions—Green Tree moved to amend its complaint to join First Magnus Financial Corporation Liquidating Trust, the successor to the original lender, as a defendant, and to add a claim for a declaratory judgment that would determine the parties' respective interests in the note and mortgage. *See* M.R. Civ. P. 15(a). These proposed amendments related to Green Tree's deficient interest in the mortgage—a problem that can be traced to an initial assignment by MERS as "nominee" for the original lender, ultimately resulting in Green Tree not having standing to foreclose on the property. *See Bank of Am., N.A., v. Greenleaf*, 2014 ME 89, ¶¶ 12-17, 96 A.3d 700 (holding that a bank did not have the requisite standing to foreclose on the defendant's property because the bank had acquired the mortgage from MERS, as "nominee" for the original lender, and therefore had only the right to record the mortgage, but

4

no other rights—including the right to seek foreclosure).[3]  The court denied the motion because it was untimely.

[¶5]  On July 13, Green Tree filed a motion to dismiss its foreclosure complaint without prejudice pursuant to M.R. Civ. P. 41(a)(2), acknowledging that it lacked standing to proceed with the action.  Cope opposed the motion, arguing that the action should be dismissed *with* prejudice or alternatively that the court should enter a judgment in her favor.  At a hearing on Green Tree's motion,[4] the court ordered Green Tree to submit an affidavit describing its efforts to locate the original lender and remedy the standing defect.  Green Tree filed the requested affidavit in August 2015.

[¶6]  In January 2016, the court issued an order denying Green Tree's motion to dismiss its complaint without prejudice, instead dismissing the complaint *with* prejudice.  In its order, the court identified two bases for that decision.  First, the court found that this was the third foreclosure complaint filed against Cope based on the same note and mortgage.[5]  The first complaint

---

[3]  We issued our decision in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700, on July 3, 2014—one year before Green Tree filed its motion to amend its complaint, which was the process by which Green Tree first brought its lack of standing to the court's attention.

[4]  Cope has not included a copy of the hearing transcript as part of the record on appeal.

[5]  In her filings with the court, Cope acknowledged that Green Tree was not the plaintiff in those prior foreclosure actions.

had been voluntarily dismissed without prejudice based on a stipulation of the parties to that action pursuant to Rule 41(a)(1), and the second complaint had been dismissed without prejudice by court order on the plaintiff's motion pursuant to Rule 41(a)(2).[6] The court reasoned that because two foreclosure actions against Cope had been dismissed previously, "[f]airness dictates" that Green Tree should not receive more favorable treatment than it would have been allowed pursuant to Rule 41(a)(1), which provides that "a notice of dismissal *operates as an adjudication upon the merits* when filed by a plaintiff who has once dismissed in any court . . . an action based on or including the same claim."[7]  (Emphasis added.)

[¶7]  Second—and more significant to this appeal—the court found that Green Tree had known since at least July 2014, when we issued our decision in *Greenleaf*, that it would not be able to establish standing to foreclose on

---

[6] Although the record does not contain the stipulation of dismissal in the first case or the order of dismissal in the second case, the parties do not dispute the history of those prior foreclosure actions as stated by the court.

[7] Pursuant to M.R. Civ. P. 41(a), a complaint may be voluntarily dismissed in two ways.  First, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . ."  M.R. Civ. P. 41(a)(1).  Second, an action may be dismissed "upon order of the court and upon such terms and conditions as the court deems proper."  M.R. Civ. P. 41(a)(2).  Unless otherwise stated in the notice or order of dismissal, a voluntary dismissal is without prejudice, except that, as noted in the text, a notice of dismissal pursuant to Rule 41(a)(1) "operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court . . . an action based on or including the same claim."

6

Cope's mortgage; that Green Tree's efforts to contact the original lender and remedy the standing defect had not been productive and that the "prospects for future success [to cure the standing problem] appear[ed] minimal"; and that Green Tree had nevertheless proceeded with the litigation, which included deposing Cope, who was ninety years old, in March 2015.[8]

[¶8]  Green Tree filed a timely motion for reconsideration, *see* M.R. Civ. P. 59(e), arguing that because it lacked standing to pursue this foreclosure action, the court was only authorized to dismiss the complaint *without* prejudice, based on our recent decisions in *U.S. Bank N.A. v. Curit*, 2016 ME 17, ¶ 10, 131 A.3d 903, and *Bank of New York v. Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966.  Cope opposed the motion, arguing that the court was not compelled to enter a dismissal without prejudice.  Cope argued alternatively that the court should dismiss the complaint *with* prejudice as to Green Tree's action for relief on the note, which Green Tree indisputably owned and had standing to enforce, but should dismiss the foreclosure complaint *without* prejudice "in all other respects."

[¶9]  The court granted Green Tree's motion for reconsideration in March 2016.  The court explained that although it had "intended the dismissal

---

[8]  Although the record does not contain information referring to Green Tree's deposition of Cope, the parties do not dispute that the deposition took place.

with prejudice to serve as a sanction," our decisions in *Curit* and *Dyer* left it with "little discretion to dismiss [a] foreclosure action[] with prejudice when the plaintiff lacks standing, even when the plaintiff has engaged in dilatory conduct that warrants a sanction." The court further stated that contrary to Cope's argument, it could not "bifurcate the standing analysis by dismissing the action with prejudice as to only the note." Accordingly, the court entered an amended judgment dismissing Green Tree's complaint without prejudice.

[¶10] Cope timely appealed. *See* 14 M.R.S. § 1851 (2016); M.R. App. P. 2.

## II. DISCUSSION

[¶11] Cope argues that the court erred by granting Green Tree's motion for reconsideration and entering an amended judgment dismissing Green Tree's foreclosure complaint without prejudice. Specifically, Cope contends that the amended judgment was the product of the court's misapprehension of the extent of its discretionary authority to dismiss Green Tree's foreclosure complaint with prejudice *as a sanction*, regardless of whether Green Tree had standing to bring the action.

[¶12] A court's decisions to grant a Rule 59 motion and to dismiss a complaint without prejudice are generally each reviewed for an abuse of

discretion. *See Dyer*, 2016 ME 10, ¶ 6, 130 A.3d 966 (dismissal without prejudice); *Wells Fargo Bank, N.A. v. Burek*, 2013 ME 87, ¶ 14, 81 A.3d 330 (Rule 59 motion). "Our review for an abuse of discretion involves three questions: (1) whether the court's factual findings are supported by the record according to the clear error standard, (2) whether the court understood the law applicable to the exercise of its discretion, and (3) whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness." *Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶ 10, 87 A.3d 741 (alteration and quotation marks omitted). The inquiry here implicates the second of these questions, which calls for a determination of the parameters of the court's authority—a matter that we review de novo. *See U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 4, 126 A.3d 734 ("The trial court's authority to undertake particular action is an issue of law that we examine de novo." (alteration and quotation marks omitted)).

[¶13]　In several recent decisions, we have stated that when a court dismisses a foreclosure complaint because the putative mortgagee lacks standing, the dismissal must be *without* prejudice. *See Curit*, 2016 ME 17, ¶ 10, 131 A.3d 903; *Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966; *see also U.S. Bank*

*Trust, N.A. v. Mackenzie*, 2016 ME 149, ¶ 11 n.6, 149 A.3d 267; *Bank of Am., N.A. v. Greenleaf (Greenleaf II)*, 2015 ME 127, ¶¶ 8-9, 124 A.3d 1122; *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947. A dismissal *with* prejudice, which "operates as an adjudication on the merits," *Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966 (alteration and quotation marks omitted), is improper when the dismissal is entered *because* the plaintiff lacks standing, because without standing, the plaintiff cannot invoke the court's jurisdiction to "make any adjudication on the merits," *id.*

[¶14]  Here, in its initial order of dismissal, the court found that Green Tree had pursued its foreclosure claim for one year after we issued our opinion in *Greenleaf*, knowing that it did not own the mortgage and therefore did not have standing, and then waited until one week before trial to seek dismissal of its complaint.  In its amended order, the court made even more clear that it had "intended the dismissal with prejudice to serve as a sanction." The question here is whether, once the court determined that Green Tree lacked standing, it still had authority to dismiss Green Tree's complaint with prejudice based on its finding that Green Tree had engaged in sanctionable conduct.

10

[¶15]   As provided in certain provisions of the Maine Rules of Civil Procedure and our case law, courts are vested with discretion to dismiss an action with prejudice as a sanction for various types of pretrial misconduct. For example, in the foreclosure context, we have recognized a court's discretionary authority to dismiss a complaint with prejudice based on the mortgagee's failure to make a good faith effort to mediate, *see* M.R. Civ. P. 93(j); *U.S. Bank, N.A. v. Sawyer*, 2014 ME 81, ¶¶ 12-13, 17, 95 A.3d 608; *Bayview Loan Servicing, LLC*, 2014 ME 37, ¶ 23, 87 A.3d 741; or comply with a discovery order, *see* M.R. Civ. P. 37(b); *U.S. Bank Nat'l Ass'n v. Manning*, 2014 ME 96, ¶¶ 12-20, 97 A.3d 605[9]—provided that the mortgagee's noncompliance is sufficiently egregious to warrant such a sanction. *See also* M.R. Civ. P. 16(d) (providing that when a party fails to comply with a scheduling order, a "court may impose . . . such sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof *with or without prejudice*" (emphasis added)).

---

[9]   In *U.S. Bank National Association v. Manning*, 2014 ME 96, ¶¶ 12-20, 97 A.3d 605, we vacated the court's order dismissing the bank's foreclosure complaint with prejudice based on our conclusion that the bank's failure to timely pay a $150 fine did not constitute such serious noncompliance to justify the ultimate sanction of a dismissal with prejudice.  The case nevertheless supports the general proposition that in the appropriate circumstances, a court has the discretion to dismiss a foreclosure complaint with prejudice if a mortgagee fails to comply with a discovery order.

[¶16]   Further, Rule 41(a)(2), which was the basis for the court's dismissal in this case, expressly states that "[u]nless otherwise specified in the order, a [voluntary] dismissal . . . is without prejudice," but that Rule also authorizes a dismissal "upon order of the court and *upon such terms and conditions as the court deems proper*."   (Emphasis added.)   The language permitting a court to specify the "terms and conditions" of dismissal provides a court with the discretion to dismiss a case with or without prejudice.  *Cf. Thornton v. Adams*, 2003 ME 104, ¶ 6, 829 A.2d 517 (construing similar language in Rule 41(b)(3), which governs involuntary dismissals, to allow for dismissals with or without prejudice).

[¶17]  The broad discretion granted to courts to sanction a party for its noncompliance with various procedural rules demonstrates that a court is not barred from imposing sanctions—including a dismissal with prejudice—even when the plaintiff lacks standing to pursue a foreclosure claim.  Cases such as *Curit* and *Dyer*, which hold that absent standing a dismissal must be without prejudice, are based on the materially different circumstance where a putative mortgagee's lack of standing is the sole basis to dismiss its complaint.  Here, in contrast, the court made clear that it had "intended the dismissal with prejudice to serve as a sanction," noting that Green Tree had pursued its claim

as if it would be tried, and had waited until one week before trial to seek dismissal of its complaint, even though it had "kn[own] for months" that it would be unable to obtain an assignment of the mortgage sufficient to confer standing. The court therefore determined that the nature of the dismissal of Green Tree's complaint should reflect considerations going beyond its mere lack of standing, thus making this case distinguishable from *Curit* and *Dyer*.

[¶18] A dismissal with prejudice imposed as a sanction is not an adjudication of the merits of a plaintiff's claim. Rather, the imposition of a sanction represents the court's "determination of a collateral issue: whether the [party or] attorney has abused the judicial process." *Willy v. Coastal Corp.*, 503 U.S. 131, 138-39 (1992) (quotation marks omitted) (concluding that a court had the authority to sanction a plaintiff pursuant to Fed. R. Civ. P. 11 even though it was later determined that the court lacked subject matter jurisdiction over the action). Accordingly, even when a court is without power to reach the merits of a complaint because the plaintiff lacks standing, *see Greenleaf II*, 2015 ME 127, ¶¶ 8-9, 124 A.3d 1122; *Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947, the court is not divested of its inherent authority to dismiss the

complaint with prejudice as a sanction for misconduct, *cf. Willy*, 503 U.S. at 138.[10]

[¶19]  Having concluded that a court has the discretion to impose the ultimate sanction of a dismissal with prejudice against a plaintiff in a foreclosure action even when the plaintiff lacks standing, we take this opportunity to outline the procedural steps that a court should follow when determining whether such a sanction is proper, consistent with basic principles of due process.  The process outlined here closely tracks the thoughtful procedures employed by the court in this case.

[¶20]  First, before imposing a dismissal with prejudice as a sanction, a court should ordinarily ensure that reasonable steps are taken to provide the plaintiff with adequate notice that such a result will be considered.  *See Sawyer*, 2014 ME 81, ¶ 12, 95 A.3d 608 (noting, in a decision where we affirmed a dismissal with prejudice, that the court had "placed the parties on notice that dismissal with prejudice was a very real possibility"); *cf. Bartlett*, 2014 ME 37, ¶ 14, 87 A.3d 741 (stating that "[p]arties are not entitled to a warning that the trial court may dismiss a case based on noncompliance with

---

[10]  To the extent that our decisions in *U.S. Bank N.A. v. Curit*, 2016 ME 17, ¶ 10, 131 A.3d 903, and *Bank of New York v. Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966, suggest that a dismissal with prejudice is an *actual* adjudication of the merits of a claim and is therefore never appropriate when a plaintiff lacks standing, we clarify that a dismissal with prejudice merely *operates*—i.e., has the same effect as—an adjudication on the merits.

14

pretrial procedures," but that we will consider "the presence of a warning as a factor supporting dismissal with prejudice"). That notice should be provided through a motion for sanctions filed by the mortgagor, or, as in *Sawyer*, in an order or motion issued by the court. A mortgagor's mere request for a dismissal with prejudice or some other affirmative sanction embedded in an opposition to a plaintiff's motion for dismissal without prejudice will not usually be adequate to provide sufficient notice.

[¶21] Second, the court must provide the plaintiff with an opportunity to be heard on the issue of whether the case should be dismissed with prejudice. *Compare Manning*, 2014 ME 96, ¶ 16, 97 A.3d 605 (vacating a judgment dismissing a mortgagee's complaint with prejudice in part because "the court imposed the ultimate sanction without ever holding a hearing or conference of counsel"), *with Sawyer*, 2014 ME 81, ¶ 12, 95 A.3d 608 (concluding that a court did not abuse its discretion by dismissing a foreclosure complaint with prejudice when the mortgagee had "a meaningful opportunity to be heard on the potential dismissal"). The opportunity to be heard may, but need not be, a full evidentiary hearing. For example, a court may simply invite the plaintiff to submit an affidavit describing why the action should not be dismissed with prejudice.

[¶22] Third and finally, if, after notice to the plaintiff and an opportunity for it to be heard, the court determines that a dismissal with prejudice is proper, its judgment should clearly define what the dismissal with prejudice *means*—its impact on particular parties and particular claims, for example—so that the effect of the order is clear to the parties, to us in the event of an appeal, and to a trial court in the event of future litigation. As we have previously stated, when the court enters a judgment on the merits of a foreclosure complaint, the court should not speculate about the potential effect of the judgment on future litigation, because any such comment would constitute an improper advisory opinion. *See Mackenzie*, 2016 ME 149, ¶ 12, 149 A.3d 267; *Tannenbaum*, 2015 ME 141, ¶¶ 6 n.3, 10, 126 A.3d 734; *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 10, 123 A.3d 216. In contrast, when a court dismisses an action as a sanction for a plaintiff's misconduct, the future effect of the order needs to be made clear—otherwise the court is imposing a sanction without explaining its content.

[¶23] In sum, because Green Tree's lack of standing did not deprive the court of its discretion to dismiss Green Tree's complaint along with "terms and conditions [that] the court deems proper," M.R. Civ. P. 41(a)(2), we vacate the order dismissing the complaint without prejudice and remand for the

court to determine whether a dismissal with prejudice—or any other sanction—remains appropriate in the circumstances in this case.[11]

The entry is:

> Judgment of dismissal without prejudice vacated. Remanded for further proceedings consistent with this opinion.

---

Joshua Klein-Golden, Esq. (orally), Clifford & Golden, PA, Lisbon Falls, for appellant Thelma J. Cope

Leonard F. Morley, Jr., Esq., William B. Jordan, Esq., and Corey S. Hadley, Esq. (orally), Shapiro & Morley, LLC, South Portland, for appellee Green Tree Servicing, LLC

Thomas A. Cox, Esq., Portland, for amicus curiae National Consumer Law Center

Cumberland County Superior Court docket number RE-2014-244
FOR CLERK REFERENCE ONLY

---

[11] Although the court's initial order of dismissal was with prejudice, it would be inappropriate for us, in the context of an appeal, to simply reinstate the terms of that dismissal. Rather, the determination of the terms and conditions of a dismissal are particularly within a trial court's discretion. Accordingly, we do not reach the merits of Cope's arguments that it would be proper for the trial court to issue a dismissal with prejudice, or alternatively a dismissal with prejudice as to the note and without prejudice in all other respects.