STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-095

U.S. BANK, N.A.,

Plaintiff

v.

JUDGMENT

FIRST MAGNUS
FINANCIAL CORPORATION,

Defendant

and

Harry Stanley Watts, Jr.; Jean
Sally Watts; Harry Stanley Watts,
III; Mortgage Electronic Registration
Systems, Inc., as nominee for First
Magnus Financial Corporation;
Finance Authority of Maine;
Coastal Enterprises, Inc.; and
Biddeford-Saco Area Economic
Development Corporation,

Parties in Interest

STATE OF MAINE
Cumberland. ss, Clerk's Office

MAY 24 2017

RECEIVED 12:02 PM

Trial on plaintiff's complaint for declaratory judgment and title was held on March 6, 2017. All parties were served with plaintiff's complaint. Parties in interest Finance Authority of Maine and Coastal Enterprises, Inc. filed answers. All parties were sent notice of the trial. Only plaintiff appeared at trial.

Facts

On July 6, 2006, party in interest Harry Stanley Watts III signed a promissory note with lender, defendant First Magnus Financial Corporation. (Pl.'s Ex. 1.) The note was endorsed in blank by First Magnus and plaintiff presented the original for the court's inspection at the trial on the complaint.

1

On July 21, 2006, to secure the note, parties in interest Harry Stanley Watts III, Jean Sally Watts, and Harry Stanley Watts, Jr. signed a mortgage with lender First Magnus. The mortgage encumbered real property in Scarborough, Maine. (Pl.'s Ex. 2.) On October 4, 2011, party in interest Mortgage Electronic Systems, Inc., as nominee for First Magnus, assigned the mortgage to Aurora Bank FSB. (Pl.'s Ex. 3.) On November 14, 2012, Aurora Bank FSB assigned the mortgage to Nationstar Mortgage, LLC. (Pl.'s Ex. 4.) On April 14, 2015, Nationstar Mortgage, LLC assigned the mortgage to plaintiff. (Pl.'s Ex. 5.)

Plaintiff asks the court to confirm and reaffirm the transfer of the mortgage by Mortgage Electronic Systems, Inc. nunc pro tunc as of November 14, 2012, and specifically find that plaintiff is the owner of the note and mortgage. As discussed in the order on plaintiff's motion for partial default judgment and judgment on the pleadings, whether the default of defendant and the principle that the holder of a mortgage has an equitable interest in the mortgage is sufficient to overcome the MERS issue identified in Greenleaf is an issue to be resolved by the Law Court. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶¶ 13-17, 96 A.3d 700; (Order Denying Mot. Default March 7, 2016 2.) Under the facts of this case, Greenleaf dictates that because plaintiff cannot establish it has ownership of the mortgage, plaintiff lacks standing to seek foreclosure on the mortgage and note. See Greenleaf, 2014 ME 89, ¶17, 96 A.3d 700. Accordingly, the complaint must be dismissed. See Green Tree Servicing, LLC v. Cope, 2017 ME 68, ¶ 13, _ A.3d _.

The entry is

Plaintiff U.S. Bank, N.A.'s Complaint is DISMISSED without prejudice.

Date: May 24, 2017

Nancy Mills
Justice, Superior Court

2

ERK OF COURTS
umberland County
bury Street, Ground Floor
ortland, ME 04101

JOHN DOONAN ESQ
DOONAN GRAVES & LONGORIA
100 CUMMINGS CENTER, STE 225 D
BEVERLY MA 01915

LERK OF COURTS
Cumberland County
vbury Street, Ground Floor
Portland, ME 04101

COASTAL ENTERPRISES INC
C/O MARSHALL TINKLE ESQ
THOMPSON MACCOLL & BASS
PO BOX 447
PORTLAND ME 04112-0447

Cumberland County
vbury Street, Ground Floor
Portland, ME 04101

FINANCE AUTHORITY OF MAINE
C/O CHRISTOPHER RONEY ESQ
PO BOX 949
AUGUSTA ME 04332-0949