STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-20-379
     CV-20-380
     CV-20-381
     CV-20-382
     CV-20-383

ONSITE AUTO GLASS, as assignee of
Linda Harmon, Mike Capano, Steven Moreau,
Dale Stair, and Ethan Perry,

   Plaintiff

v.

              ORDER

METROPOLITAN CASUALTY INSURANCE
CO.,

REC'D CUMB CLERKS OFC
APR 12 '22 PM12:32

   Defendant

Before the court in these five cases are motions by plaintiff Onsite Auto Glass, which is suing defendant Metropolitan Casualty Insurance Co. as assignees of five insureds, to dismiss the cases without prejudice. Metropolitan opposes the motion.

The basis of the motions is that Onsite's representative was hospitalized with Covid-19 and is still suffering multiple complication from the virus. The hospitalization apparently occurred prior to December 2021. According to counsel for Onsite, Onsite's representative is unable to physically appear for any court dates for the foreseeable future, and it is impossible to predict any time frame for his recovery.

In these five cases, originally filed in May 2020, Onsite contends that Metropolitan underpaid it for automobile window repairs and is seeking recovery of amounts ranging from $60.00 (in CV-20-382) to $902.52 (in CV-20-380).The total which Onsite claims it has been underpaid in all five cases is $2,098.68. What appears to be really driving these cases is Onsite's

claim that it was assigned the claims of Metropolitan's insureds and can therefore pursue claims for interest and attorney's fees for unfair claim settlement practices pursuant to 24-A M.R.S. § 2436-A. In addition to disputing Onsite's underpayment claims, Metropolitan disputes that Onsite can bring unfair settlement practice claims. It contends that such claims can only be brought by its insureds against their "own insurer,"[1] that it is not Onsite's insurer, that its policies forbade assignment without Metropolitan's approval, and that the purported assignments relied upon by Onsite are not valid.

Without leave of court, a party can only unilaterally dismiss an action without prejudice before an answer or motion for summary judgment has been filed. M.R.Civ.P. 41(a)(1). In all these cases answers were filed almost two years ago. After answers have been filed, cases may be dismissed only on such terms as the court deems proper. M.R.Civ.P. 41(a)(2)

These cases, like all civil cases in Cumberland, have been delayed by the pandemic. Nevertheless, in the last six months counsel for Metropolitan has not been idle but has propounded requests for admissions and interrogatories in all five cases.[2] Plaintiff's motions to dismiss, moreover, were filed less than a month before the discovery deadline. Under the circumstances, given the amount of time these cases have been pending, given defendant's existing investment of time an energy in defending these cases, and given the potential prejudice to defendant if these cases were to be refiled, the court concludes that it will grant plaintiff's motions on the condition that the dismissals are with prejudice. *See Green Tree Servicing LLC v. Cope*, 2017 ME 68 ¶ 16, 158 A.3d 931.

---

[1] *See* 24-A M.R.S. 2436-A(1).

[2] As set forth in its submissions in connection with the instant motion, counsel for Metropolitan is dissatisfied with Onsite's responses to the request for admissions and has not received verified answers to the interrogatories.

2

Finally, because the driving factor in these cases appears to be the pursuit of attorney's fees rather than the relatively small amounts allegedly underpaid, the dismissal of these cases with prejudice does not appear to constitute an injustice.

The entry shall be:

Plaintiff's motions to dismiss the above cases are granted on the condition that the cases shall be dismissed with prejudice. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _12_, 2022

_____
Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: _04/13/22_

**Plaintiff-John Lagrow, Esq.**
**Defendants-John Cronan, Esq.**

3