MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2026 ME 50
Docket:      Yor-24-569
Argued:      January 7, 2026
Decided:     May 28, 2026

Panel:       STANFILL, C.J., and MEAD, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

TOWD POINT MORTGAGE TRUST 2019-4

v.

LESLIE BODWELL et al.

MEAD, J.

[¶1]  K&R Holdings, Inc., appeals from an order of the Superior Court (York County, *Mulhern, J.*) granting a motion by Towd Point Mortgage Trust 2019-4 seeking a finding that Leslie Bodwell had abandoned her mortgaged property and the appointment of a receiver.  *See* 14 M.R.S. § 6327 (2026).  We vacate the order appointing a receiver and remand for further proceedings.

## I.  BACKGROUND

[¶2]  On August 7, 2023, Towd Point filed a complaint against Bodwell and eleven parties in interest (including K&R) seeking foreclosure of residential property in North Berwick.  The complaint alleged the following: on April 8, 2005, Bodwell executed and delivered a $250,000 note to Amerihome Mortgage Company, LLC, secured by a mortgage on his residence in

North Berwick; on August 3, 2010, K&R obtained an interest in the property pursuant to a writ of execution in the amount of $13,900.43; on November 13, 2020, the mortgage was assigned to Towd Point and the transfer was further ratified and confirmed by a quitclaim assignment dated August 9, 2022; Towd Point is the current holder of the note and owner of the mortgage; and Bodwell defaulted on the note by failing to make the monthly payment due April 1, 2020, and all subsequent payments.

[¶3]  On October 24, 2024, Towd Point filed a motion for a finding of abandonment and appointment of a receiver for the property.  K&R filed an opposing memorandum on November 5, 2024, and the court held a hearing on the motion on the same day.  During the hearing, Towd Point introduced evidence that the property was "already an in-rem foreclosure" and that the property was abandoned.  The trial court orally granted the motion and asked Towd Point to submit a detailed written order.

[¶4]  On December 9, 2024, the court issued a written order on the motion, finding that the property was abandoned and appointing a receiver. The order authorized the receiver to control, secure, and maintain the premises; to clean and make necessary repairs for the overall preservation of the property; and to market and sell the property upon the court's approval of

any proposed purchase-and-sale agreement. The order also provided that the proceeds of any sale were to be held in escrow by the receiver pending an order from the court governing their distribution.

[¶5] On December 13, 2024, K&R filed a motion to dismiss the foreclosure complaint, alleging that Towd Point lacked a sufficient ownership interest to establish standing. On December 16, 2024, K&R filed a notice of appeal from the order appointing a receiver and a motion for findings of fact and conclusions of law.[1]

[¶6] On December 30, 2024, we ordered K&R to file a memorandum showing cause as to why its appeal should not be dismissed as interlocutory. Upon receipt of the requested briefing on the issue of the interlocutory nature of the appeal, we issued an order on February 12, 2025, authorizing the appeal to proceed, stating: "[T]here are contingencies that, if they come about, could support K&R's argument that its appeal is within the death knell exception. . . . K&R has shown sufficient cause for it to proceed for now." After reviewing the briefs and arguments of the parties, we proceed to the merits of this appeal.

---

[1] The trial court denied K&R's motion for findings of fact and conclusions of law, stating that the court made its findings on the record at the hearing on November 5, 2024, and in the order for abandonment and appointment of receiver. The court concluded that the findings were sufficient for appellate review.

## II. DISCUSSION

[¶7]  K&R argues that the court lacked the statutory authority to appoint a receiver.  K&R further asserts that the court could not appoint a receiver under the court's general equitable powers because an adequate legal remedy already exists and was not pursued.  Towd Point counters that the trial court had the authority to address the threat to the value of the asset and to the health and safety of the community by finding that the property was abandoned and appointing a receiver with the power of sale.  During oral argument, Towd Point asserted that the deteriorating condition of the property was further rationale to necessitate not just the appointment of the receiver but also the ability of the receiver to sell the property.

[¶8]  The appointment of a receiver is ordinarily a matter within the discretion of the trial court.  *See Bates v. Dep't of Behav. & Developmental Servs.*, 2004 ME 154, ¶ 86, 863 A.2d 890.  However, "[t]he trial court's authority to undertake particular action is an issue of law that we examine de novo."  *U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 4, 126 A.3d 734 (alteration and quotation marks omitted).

[¶9]   Towd Point requested a judicial determination pursuant to 14 M.R.S. § 6327 that the mortgaged premises were abandoned.  Section 6327

contains a statutory procedure for *the mortgagee to enter a property, abate a nuisance, and preserve and secure the property.* It does not provide authority for a judicial determination of abandonment or the appointment of a receiver to sell the property prior to a final foreclosure judgment, even if the sale is contingent on court approval. Title 14 M.R.S. § 6326(3) (2026), on the other hand, does permit the mortgagee to request a judicial determination of abandonment. The effect of such a finding, however, is that *the foreclosure action may be given priority on the docket and the statutory period of redemption is shortened from ninety days to forty-five days. See* 14 M.R.S. §§ 6322, 6326(4) (2026). Section 6326 provides no authority for the appointment of a receiver. Regardless of whether the finding of abandonment was properly supported in this case, receivership is simply not a remedy for a finding of abandonment under section 6326.

[¶10] Recognizing the limits of the statutes it relied upon, Towd Point, during oral argument, sought instead to invoke the inherent equitable power of the court to appoint a receiver in civil actions. It is, however, a fundamental maxim of equity that "an equitable remedy will be granted only where there is not an adequate legal remedy." *Core Fin. Team Affiliates, LLC v. Me. Med. Ctr.*, 2024 ME 78, ¶ 28, 327 A.3d 79. "A remedy at law is adequate if it (1) is as

6

complete, practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, and (2) is obtainable as of right." *WahlcoMetroflex, Inc. v. Baldwin*, 2010 ME 26, ¶ 22, 991 A.2d 44 (quotation marks omitted).

[¶11]   Towd Point had legal remedies at its disposal that could have addressed its concerns regarding the ongoing condition of the property and obviated the need for a receiver.  Pursuant to the terms of the mortgage, Towd Point had the ability to inspect the property, enter the property to make repairs, and eliminate dangerous conditions.  More importantly, Towd Point also had the power to foreclose—a process that it had already invoked and was well on its way to judgment.[2]  *See* 14 M.R.S. § 6321 (2026).  Foreclosure laws already provide courts and parties with a sufficient array of protections adequate to address property conditions and protect mortgagees' property interests.  *See* 14 M.R.S. §§ 6051, 6321 to 6321-B, 6326(3), 6327 (2026).  As a result, Towd Point's ability to foreclose in this case provided an adequate legal remedy, barring the court from appointing pursuant to its equity authority a receiver with the power of prejudgment sale.

---

[2]  It appears that the appointment of a receiver ultimately resulted in a delay of the foreclosure proceedings.

[¶12]   Put simply, Towd Point cannot attempt an end run around the statutory foreclosure process by obtaining a sale through a receiver before a final foreclosure judgment is issued against K&R.  Accordingly, the court erred in appointing a receiver with the power to sell the property.

[¶13]   We vacate the order appointing the receiver and remand for further proceedings.

The entry is:

> Order of appointment of receiver vacated. Remanded to the trial court for further proceedings consistent with this opinion.

---

Stanley Greenberg, Esq. (orally), Greenberg & Greenberg, P.A., East Winthrop, for appellant K&R Holdings, Inc.

Reneau J. Longoria, Esq. (orally), Doonan, Graves & Longoria, LLC, Portland, for appellee Towd Point Mortgage Trust 2019-4

York County Superior Court docket number RE-2023-67
FOR CLERK REFERENCE ONLY