MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 14
Docket:        Cum-22-137
Argued:        December 6, 2022
Decided:       February 14, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

PATRICIA LEIGHTON

v.

MARC G. LOWENBERG et al.

CONNORS, J.

[¶1]   Patricia Leighton appeals from a judgment entered by the Superior Court (Cumberland County, *O'Neil, J.*) dismissing her claims for abuse of process and wrongful use of civil proceedings against three New York-based dentists and their dental practice—Marc G. Lowenberg; Gregg Lituchy; Brian Kantor; and Marc G. Lowenberg, D.D.S. & Gregg Lituchy, D.D.S., P.C. (collectively, the Dentists).   Leighton argues that the trial court erred by dismissing her complaint for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6).   The Dentists cross-appeal, arguing that the trial court erred in concluding that Leighton suffered "actual injury" to deny their special motion to dismiss Leighton's complaint pursuant to 14 M.R.S. § 556 (2022).  We affirm the portions of the judgment dismissing Leighton's claim for abuse of process

and denying the Dentists' special motion to dismiss but vacate the dismissal of Leighton's claim for wrongful use of civil proceedings.

## I. BACKGROUND

### A. The Factual Allegations Relating to the Previous Lawsuits

[¶2] The following facts, drawn from the allegations in the complaint, are treated as admitted. *See 20 Thames St. LLC v. Ocean State Job Lot of Me. 2017 LLC*, 2021 ME 33, ¶ 2, 252 A.3d 516. In 2006, Leighton was featured on NBC's Today Show in a segment entitled "Getting the Perfect Smile." The show was looking for someone with a sad story, and Leighton was selected because she had suffered from cancer and could not afford extensive dental treatment. When the segment aired, although most of the planned treatment had not yet been provided, the Dentists stated that Leighton's treatment "should last twenty years as is." The Dentists never finished Leighton's treatment, and the treatment that they did provide began to fail the following year. Leighton sent the Dentists a letter revoking her authorization to use her image and personal information on their website, but they refused to comply with her request.

[¶3] In 2008, Leighton filed a dental malpractice lawsuit in New York against the Dentists. Shortly before the trial, Leighton sent a letter to a local dentist in New York City, explaining the claims asserted in the malpractice

action and inviting that dentist to observe the trial. The malpractice action ended in a mistrial in 2017 and awaits a new trial date.

[¶4] In 2018, Leighton filed a lawsuit in New York against the Dentists seeking an injunction to require the Dentists to remove her image, personal information, and the Today Show segment from their website. That same year, the Dentists filed a defamation lawsuit in New York against Leighton asserting claims of libel, libel per se, and tortious interference with a business relationship, and seeking damages in excess of $6 million, based on the letter that she had sent to the local dentist before the malpractice trial. Leighton answered, asserting that the statements in her letter were true, and filed a motion to dismiss the Dentists' defamation lawsuit on other grounds. The Dentists withdrew their defamation suit in New York and refiled the lawsuit in Maine.

[¶5] In the Maine defamation lawsuit, Leighton served interrogatories and document requests on the Dentists and requested proof that they had suffered economic harm. The Dentists produced no evidence of economic harm and eventually admitted that they had suffered none. The Dentists' claims of libel and tortious interference with a business relationship were dismissed with prejudice. As to the remaining claim of libel per se, the Dentists produced

4

no documents, and their interrogatory responses were unsigned and unsworn. Leighton requested a discovery dispute conference with the court. After a hearing, the court (*Stewart, J.*) entered an order on February 13, 2020, requiring the Dentists to provide within forty-five days complete, signed, and sworn responses to Leighton's interrogatories and signed responses to her request for production of documents.

[¶6] Eighty-two days later, on May 5, 2020, the Dentists moved to enlarge the period in which to comply with the court's order. The court extended the deadline to July 16, 2020, warning the Dentists that a failure to comply with the court's order could result in sanctions. On July 16, 2020, after business hours, the Dentists emailed Leighton scant document responses and interrogatory answers. None of the interrogatory responses were signed or sworn by the Dentists.

[¶7] Leighton filed a motion for sanctions, requesting a dismissal with prejudice of the Dentists' defamation suit. The Dentists opposed Leighton's motion, claiming that they did not violate the court's order and arguing that any perceived inadequacies could be addressed through depositions. The court granted Leighton's motion for sanctions. The court found that the Dentists had violated its orders by failing to provide complete responses to basic discovery

requests on matters central to their defamation suit, thereby causing prejudice to Leighton. The court further found that a lesser sanction—such as excluding any evidence that the Dentists had failed to produce in support of their defamation claim—was tantamount to a dismissal. The court dismissed the Dentists' defamation suit with prejudice.

## B.    The Claims in the Current Lawsuit on Appeal

[¶8]  Eleven months later, in October 2021, Leighton filed a complaint in the Superior Court against the Dentists. Leighton's complaint included the factual allegations described above and asserted claims for abuse of process, wrongful use of civil proceedings, and punitive damages.[1]

[¶9] Leighton alleged that the Dentists "abused the legal process through willful misuse of discovery" in their Maine defamation lawsuit, causing Leighton to incur substantial attorney fees. She further alleged that the Dentists knowingly asserted groundless claims of defamation in retaliation for the lawsuits that she had filed against them in New York, and that they did so "with the intent to harass, intimidate, and cause [Leighton] severe distress, mental anguish, emotional harm, and substantial monetary expense."

---

[1]    Although Leighton's complaint labels her claim for wrongful use of civil proceedings as "malicious prosecution," there is no dispute that the tort pleaded is wrongful use of civil proceedings. Leighton also asserted a claim for invasion of privacy, which she later dismissed voluntarily.

6

[¶10] The Dentists moved to dismiss Leighton's complaint for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6). They separately filed a special motion to dismiss pursuant to Maine's anti-SLAPP statute, 14 M.R.S. § 556. Leighton opposed both motions.

[¶11] By a judgment entered in April 2022, the trial court (*O'Neil, J.*) denied the Dentists' special motion to dismiss but granted their Rule 12(b)(6) motion. Leighton timely appealed, and the Dentists cross-appealed. 14 M.R.S. § 1851 (2022); M.R. App. P. 2B(c)(1), 2C(a)(2).

## II. DISCUSSION

### A. Leighton's complaint states a claim for wrongful use of civil proceedings but not for abuse of process.

[¶12] In reviewing the grant of a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), "we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 5, 708 A.2d 283. "A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that [s]he might prove in support of [her] claim." *Id.* (quotation marks omitted).

[¶13]  Although the torts of abuse of process and wrongful use of civil proceedings are related, they differ in terms of timing and scope. *See Simon v. Navon*, 71 F.3d 9, 15 (1st Cir. 1995).  Misuse of civil proceedings is the appropriate cause of action for challenging a whole lawsuit, whereas abuse of process addresses "the allegedly improper use of individual legal procedures after a suit has been filed."  *Pepperell Tr. Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 14 n.8, 708 A.2d 651 (quotation marks omitted).  We discuss Leighton's claims in turn.

**1.     The complaint fails to state a claim for abuse of process.**

[¶14]  Leighton argues that the Dentists' failure to provide discovery, even though ordered by a court to do so, equates to a tortious misuse of the discovery process.  We disagree.

[¶15]  The elements necessary to sustain an abuse of process claim are (1) "a use of the process in a manner not proper in the regular conduct of the proceedings" and (2) "the existence of an ulterior motive." *Nadeau v. State*, 395 A.2d 107, 117 (Me. 1978); s*ee also Nader v. Me. Democratic Party*, 2012 ME 57, ¶ 38, 41 A.3d 551 (same).  The term "process" does not refer to "the legal process generally" but rather to "the instruments by which courts assert their jurisdiction and command others to appear, act, or desist."  Restatement

(Third) of Torts: Liab. for Econ. Harm § 26 cmt. b (Am. L. Inst. 2020). "In short, 'process' generally means orders that are issued by courts at the behest of one of the parties, or that are otherwise backed by judicial authority." *Id.* "The most common forms of such process are subpoenas, warrants, and writs of garnishment or attachment." *Id.* § 26 cmt. c; *see also Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283.

[¶16]   For an abuse of process claim to succeed, there must be an assertion that the alleged tortfeasor *used* process. *See Tanguay v. Asen*, 1998 ME 277, ¶¶ 5-6, 722 A.2d 49 (concluding that the trial court properly granted summary judgment where no court document or court process was alleged to have been used improperly); *Jennings v. MacLean*, 2015 ME 42, ¶¶ 6-8, 114 A.3d 667 (concluding that a letter did not involve "process" because it was not a legal procedure and did not purport to compel the recipient to perform any legal obligation).

[¶17]   Other courts have held the same.   For example, in *Ruberton v. Gabage*, 654 A.2d 1002, 1005 (N.J. Super. Ct. App. Div. 1995), the plaintiff asserted that the defendant was liable for abuse of process because the defendant had threatened to file criminal charges against the plaintiff during a

settlement conference in a civil action. In concluding that the defendant did not

unlawfully misuse process, the court stated:

> No "process" had in fact been issued. [The defendant] did not cause the issuance of an order scheduling the settlement conference and thereafter commit further acts demonstrating an intent to use the order as a means to coerce [the plaintiff]. The settlement conference was simply one step in the whole course of a legal proceeding. Moreover, it was the [trial] judge who scheduled the conference and [the defendant] simply appeared in obedience to the judge's directive. That [the defendant's] conduct or statements during the conference may have been otherwise tortious or violated ethical standards, does not mean that he misused "process" for a corrupt purpose.

*Id.* at 1006 (citation omitted).

[¶18] Leighton's claim for abuse of process fails because she has not

established that the Dentists used process. Leighton contends that, by filing a

defamation lawsuit, the Dentists implicitly agreed to cooperate in discovery,

and, therefore, their subsequent refusal to do so was an abuse of that process.

The Dentists' failure to act, to their own detriment, however, is insufficient to

sustain the cause of action because they did not invoke the authority of the

court or cause process to issue. The Dentists' refusal to properly respond to

Leighton's discovery requests—although sanctionable—is not actionable.

*See* Restatement (Third) of Torts: Liab. for Econ. Harm § 26 cmt. c (providing

that sanctions are an appropriate remedy for discovery-related misconduct

that does not involve process); 1 Am. Jur. 2d *Abuse of Process* § 1 (2022) (stating that, because of the potential chilling effect on the right to access courts, the tort of abuse of process must be narrowly construed).

### 2. The complaint states a claim for wrongful use of civil proceedings.

[¶19] "The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought." *Pepperell Tr. Co.*, 1998 ME 46, ¶ 15, 708 A.2d 651 (adopting the definition supplied in the Restatement (Second) of Torts § 674 (Am. L. Inst. 1977)).

[¶20] Here, there is no dispute that Leighton alleged sufficient facts in her complaint to establish the first two elements—namely, that the Dentists initiated the defamation suit without probable cause and that their primary purpose in bringing the suit was not to adjudicate those claims. Leighton alleged that the Dentists initiated the defamation action against her in retaliation for the lawsuits she filed against them in New York; their purpose for filing the defamation suit was to harass and intimidate Leighton and to cause her stress, fear, and anxiety; two of the Dentists' claims were dismissed

with prejudice upon their failure to produce evidence in support of those claims and their admission that that they suffered no economic harm; and the Dentists failed to produce evidence, in violation of court orders, to support their remaining claim, demonstrating a lack of probable cause.

[¶21]  Thus, the question presented is whether the dismissal with prejudice of the Dentists' defamation suit as a sanction for discovery violations constitutes a termination in Leighton's favor.  "What constitutes a favorable termination is a question of law." *Palmer Dev. Corp. v. Gordon*, 1999 ME 22, ¶ 4, 723 A.2d 881.

[¶22]  "Termination in favor of the claimant may occur upon the favorable adjudication of the claim by a competent tribunal, the withdrawal of the claim by the initial litigant, or the dismissal of the claim." *Pepperell Tr. Co.*, 1998 ME 46, ¶ 16, 708 A.2d 651.  The recently published Restatement (Third) of Torts: Liability for Economic Harm § 24 cmt. e (Am. L. Inst. 2020) expands on this principle:

> Termination is favorable, for purposes of this Section, when it reflects on the merits in a manner favorable to the party against whom the lawsuit was brought.  Whether a dismissal is favorable in this sense depends on the reasons for it, not on the form it takes.  Some generalizations about dismissals may nevertheless be made.  Favorable termination most typically occurs when a defendant prevails after a trial or wins a motion for summary judgment or judgment as a matter of law because the evidence supporting the

claim is insufficient. A dismissal on jurisdictional grounds, by contrast, is not a favorable termination for the party who seeks it because it suggests no view of the merits. The same can usually be said for a case dismissed because it is barred by a statute of limitations, by rules of standing, or by the doctrine of res judicata. Those grounds for dismissal do not suggest that the claim lacked merit, and so cannot form a basis for recovery under this Section. . . .

Between the poles just noted lie cases of voluntary dismissal by the plaintiff in the original civil case. Such cases may require consideration of the rationale for the dismissal, and of whether it suggests that the plaintiff's claim lacked merit. Termination is ordinarily considered favorable to the defendant when a complaint is withdrawn by the plaintiff or dismissed for want of prosecution. Either result offers at least some reason to doubt the strength of the plaintiff's claim.

(Citations omitted.)

[¶23] Because the defamation action at issue here was dismissed, we examine the reasons for the dismissal to determine whether they indicate that the Dentists' claims lacked merit. *See Shapiro v. Haenn*, 190 F. Supp. 2d 64, 68 (D. Me. 2002) (applying Maine law) ("When an earlier case ends in a dismissal instead of a judgment, the Court must determine whether the dismissal was purely procedural or indicates that the lawsuit was groundless on the merits.").

[¶24] Leighton suggests two ways in which we could conclude that the defamation suit terminated in her favor. First, we could conclude that the Dentists' refusal to produce evidence to substantiate their claims and

subsequent failure to appeal the dismissal of their lawsuit is tantamount to a failure to prosecute. Second, we could conclude that the trial court's order dismissing the Dentists' defamation suit "reflects on the merits" given that the trial court contemplated the lesser sanction of excluding any evidence that the Dentists had failed to produce, noting that it would have the effect of a dismissal.

[¶25] "Several courts have held that dismissal of the underlying civil proceedings for failure to comply with discovery requirements constitutes a favorable termination, reasoning that such a termination reflects the belief of the party instituting the underlying civil proceedings that compliance with the applicable discovery requirements would result in an unfavorable conclusion regarding the merits of the claim . . . ." Vitauts M. Gulbis, Annotation, *Nature of termination of civil action required to satisfy element of favorable termination to support action for malicious prosecution*, 30 A.L.R.4th 572 § 2[a] (2022). A dismissal based on a failure to respond to discovery requests is also often considered a termination in favor of the opposing party because it resembles a failure to prosecute and suggests that there are weaknesses in the party's claims. Restatement (Third) of Torts: Liab. for Econ. Harm § 24 illus. 10.

[¶26]  For example, in *Daniels v. Robbins*, 105 Cal. Rptr. 3d 683, 694-95 (Cal. Ct. App. 2010), the plaintiff established that the dismissal in the prior action, which was based on the defendant failing to provide timely responses to discovery requests and repeatedly ignoring court orders regarding discovery, was a termination in the plaintiff's favor.  The *Daniels* court noted that (1) the record in the underlying action was devoid of any attempt to substantiate the allegations in the complaint through discovery and (2) the court's dismissal of the underlying action was based on the defendant's inability to prove the allegations, due in part to the potential exclusion of evidence as a sanction for discovery violations.  *Id.*; *see also Chervin v. Travelers Ins.*, 858 N.E.2d 746, 758-59 (Mass. 2006) (concluding that a termination in a prior action was favorable where the dismissal was based on a party's failure to "complete, sign, and serve answers to interrogatories," amounting to a failure to prosecute and an acquiescence to dismissal).

[¶27]  Accordingly, courts have concluded that a dismissal for failure to comply with discovery might not constitute a termination in favor of the opposing party when the dismissal does not reflect a lack of merit in the underlying action.  *See, e.g.*, *Pattiz v. Minye*, 71 Cal. Rptr. 2d 802, 803-05 (Cal. Ct. App. 1998) (concluding that a dismissal did not indicate a lack of merit where

it would be unfair to ascribe a lack of cooperation to a party because of a witness's refusal to continue with a deposition due to illness).

[¶28]   Here, Leighton alleged in her complaint that the trial court dismissed the Dentists' defamation suit with prejudice after the Dentists failed to comply with discovery requests or provide information on matters central to their claims.  Leighton further alleged that the trial court found that the Dentists would be unable to prove their claims if the court excluded the evidence that they had failed to provide in discovery.  Thus, the Dentists' refusal to cooperate in the discovery process suggests that there was no credence in their claims, and the trial court's reason for choosing the ultimate sanction indicates that the prior action terminated in favor of Leighton.  Reading the allegations in the complaint in the light most favorable to Leighton, we conclude that Leighton pleaded sufficient facts to establish the elements for wrongful use of civil proceedings.

**B.    The trial court properly denied the Dentists' special motion to dismiss.**

[¶29]   Because the complaint states a claim for wrongful use of civil proceedings, we must address the Dentists' argument that the dismissal should nevertheless be sustained because the trial court erred in denying their special motion to dismiss pursuant to Maine's anti-SLAPP statute, 14 M.R.S. § 556.  The

Dentists assert that Leighton failed to establish that she suffered the statutorily required "actual injury" because she alleged only that she was *charged* attorney fees and did not supply invoices or cancelled checks to show that she had actually *paid* attorney fees, and because the trial court could have inferred that Leighton had insurance to cover the fees.[2]

[¶30] We review de novo the trial court's denial of a special motion to dismiss. *See Gaudette v. Mainely Media, LLC*, 2017 ME 87, ¶ 10, 160 A.3d 539.

[¶31] Section 556 provides, in relevant part, that

> [w]hen a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. . . . The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party.

The purpose of the statute is "to provide for the swift and early dismissal of frivolous lawsuits that are meant to discourage the defendant's exercise of his

---

[2] Because the judgment on appeal is a dismissal with prejudice in favor of the Dentists, granting them the complete relief they sought, the Dentists need not have filed a cross-appeal to argue that the trial court could have also dismissed Leighton's complaint pursuant to 14 M.R.S. § 556 (2022). *See* M.R. App. P. 2C(a)(1) (clarifying that "[a]n appellee need not file a notice of appeal if no change in the judgment is sought" and that "[a]n appellee may, without filing a cross-appeal, argue that alternative grounds support the judgment that is on appeal"); *see also* M.R. App. P. 2C Advisory Committee Note-July 2022.

or her First Amendment right to petition." *Weinstein v. Old Orchard Beach Fam. Dentistry, LLC*, 2022 ME 16, ¶ 4, 271 A.3d 758.

[¶32] We "recently refashioned the multi-step procedure that applies to the consideration and disposition of such special motions to dismiss." *Id.* ¶ 5 (citing *Thurlow v. Nelson*, 2021 ME 58, ¶ 19, 263 A.3d 494).

> First, the defendant must file a special motion to dismiss and establish, based on the pleadings and affidavits, that the claims against him are based on his exercise of the right to petition pursuant to the federal or state constitutions. If the defendant meets the burden of establishing that the claims are based on petitioning activity, the burden shifts to the plaintiff to establish, through the pleadings and affidavits, prima facie evidence that the defendant's petitioning activity was devoid of any reasonable factual support or any arguable basis in law *and* that the defendant's petitioning activity caused actual injury to the plaintiff. The plaintiff's failure to meet either portion of this burden requires that the court grant the special motion to dismiss with no further procedure.

*Id.* (citations and quotation marks omitted).

[¶33] Although section 556 does not define "actual injury," we have consistently interpreted it to mean "a reasonably certain monetary valuation of the injury suffered by the plaintiff." *Desjardins v. Reynolds*, 2017 ME 99, ¶¶ 13-14, 162 A.3d 228 (quotation marks omitted); *see also Schelling v. Lindell*, 2008 ME 59, ¶ 17, 942 A.2d 1226; *Maietta Constr., Inc. v. Wainwright*, 2004 ME 53, ¶ 10, 847 A.2d 1169. A plaintiff is not required to provide "an actuarial

analysis of her damages," *Schelling*, 2008 ME 59, ¶ 18, 942 A.2d 1226, but the determination of damages "must not be left to mere guess or conjecture," *Dairy Farm Leasing Co. v. Hartley*, 395 A.2d 1135, 1141 (Me. 1978) (quotation marks omitted). Damages may be determined based on "the exercise of judgment applied to facts in evidence" as long as those facts allow a calculation based on "reasonable, as distinguished from mathematical, certainty by the exercise of sound judgment." *Id.* at 1140-41 (quotation marks omitted).

[¶34] Leighton's complaint contains the following allegations regarding actual injury:

> [The Dentists'] malicious prosecution of knowingly groundless defamation claims against [Leighton] . . . have had a profound adverse effect on [her] quality of life, inflicting severe emotional distress . . . as well as reputational injury and economic harm or special damages, including but not limited to costs of defense, expenses, and expenditure of resources reasonably related to successfully defending against [the Dentists'] knowingly baseless claims. . . [The Dentists'] abuse of process caused damages to [Leighton], including but not limited to, incurring substantial attorney fees defending the meritless lawsuit.

[¶35] Leighton's opposition to the Dentists' special motion to dismiss similarly states that, "[i]n addition to sustaining emotional distress, anxiety, and fear, substantial legal fees were incurred in defending the meritless defamation action." In her attached affidavit, Leighton alleges that she hired a

law firm to defend her and that she was "charged $39,261.17 in legal costs and fees."

[¶36]  Leighton's assertion that she incurred legal expenses is sufficient to show "actual injury."  Leighton stated in her complaint that she was seeking damages related to her legal expenses, and she identified "a reasonably certain monetary valuation" of those expenses in the affidavit that was attached to her opposition to the Dentists' special motion to dismiss.  *See Desjardins*, 2017 ME 99, ¶¶ 14, 16, 19, 162 A.3d 228 (quotation marks omitted) (stating that a plaintiff cannot merely mention in his complaint that he retained counsel but must assert that he incurred expenses for which he is seeking damages).

[¶37]  Contrary to the Dentists' contention, the law does not require a party to offer copies of legal bills, invoices, or cancelled checks to establish that she has actually paid her legal expenses.  In *Camden Nat'l Bank v. Weintraub*, 2016 ME 101, ¶ 14 & n.5, 143 A.3d 788, we concluded that the plaintiff presented prima facie evidence of an actual injury where she alleged a loss of work and increased medication costs that, even though she did not present an itemized bill, was for an amount that could be easily calculated and was more than "mere guess or conjecture."  (Quotation marks omitted.)  Similarly, in *Thurlow*, 2021 ME 58, ¶¶ 29-30, 263 A.3d 494, the plaintiff's affidavit alleging

"lost employment and credentials" was sufficient to meet his prima facie burden on the actual injury element. Finally, the Dentists' suggestion that Leighton's legal expenses may have been covered by insurance is pure speculation. *Cf. Desjardins*, 2017 ME 99, ¶ 19, 162 A.3d 228 ("[B]oth parties must be limited in their anti-SLAPP filings to the universe of facts as actually alleged in the plaintiff's complaint.").

The entry is:

> Portion of judgment dismissing Leighton's claim for wrongful use of civil proceedings is vacated. Portion of judgment dismissing Leighton's claim for abuse of process and denying the Dentists' special motion to dismiss is affirmed. Remanded for further proceedings consistent with this opinion.

Russel B. Pierce, Jr., Esq., and Samuel G. Johnson, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellant Patricia Leighton

Mark A. Darling, Esq. (orally), Litchfield Cavo, LLP, Lynnfield, Massachusetts, for appellees Marc G. Lowenberg; Gregg Lituchy; Brian Kantor; and Marc G. Lowenberg, D.D.S. & Gregg Lituchy, D.D.S., P.C.