MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2026 ME 44
Docket:      Oxf-25-134
Argued:      December 11, 2025
Decided:     May 19, 2026

Panel:       STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

CARISSA DANIELS

v.

PATRICK R. O'BRIEN et al.

STANFILL, C.J.

[¶1]  Patrick R. O'Brien and Linda S. Labas (collectively, O'Brien) appeal from a judgment of the Superior Court (Oxford County, *Woodman, J.*) granting Carissa Daniels's motion to dismiss her complaint with prejudice.  O'Brien objected to the dismissal and asked the court to require Daniels to continue litigating her claim so that O'Brien could establish a claim of wrongful use of civil process against her.  Because the court did not abuse its discretion by dismissing the complaint, we affirm.

## I.  BACKGROUND

[¶2]  In August 2023, Daniels filed a complaint against O'Brien alleging that he had committed timber trespass by cutting trees and bushes on her property.  *See* 14 M.R.S. § 7552 (2026).  O'Brien tendered the defense to his

homeowner's insurance company, MMG Insurance Co. (MMG). Although originally MMG assumed the defense with a reservation of rights, MMG withdrew the reservation and reached a settlement agreement with Daniels. O'Brien objected to the settlement. As part of the settlement, Daniels moved to dismiss her complaint with prejudice and MMG (anticipating O'Brien's objection to the dismissal) moved to intervene in the action, arguing in favor of Daniels's motion to dismiss. O'Brien moved to retain the matter on the docket, arguing that he should be entitled to his day in court to present his defenses to Daniels's claim. In August 2024, the court held a nontestimonial hearing and heard the parties' arguments.

[¶3] In February 2025, the court granted Daniels's motion to dismiss her complaint with prejudice. O'Brien made a motion for further findings of fact and conclusions of law, which the court denied. *See* M.R. Civ. P. 52(b). O'Brien timely appealed. *See* M.R. App. P. 2B(c)(2).

## II. DISCUSSION

[¶4] O'Brien advances several arguments on appeal contesting the dismissal and MMG's ability, under the language of his insurance policy and contract law, to settle the claims against him over his objection.

[¶5]   O'Brien argues that the court erred procedurally by not taking testimony at the August 2024 hearing and by denying his motion for further findings of fact, *see* M.R. Civ. P. 52(b).  O'Brien failed to raise in the trial court the due process argument he now makes on appeal; therefore, we review for obvious error only.  *In re Children of Destiny H.*, 2024 ME 66, ¶ 18, 332 A.3d 1183.  Despite O'Brien's claim, there was no error, much less obvious error, in the court's refusal to take testimony.  *See Concord Gen. Mut. Ins. Co. v. N. Assurance Co.*, 603 A.2d 470, 472 (Me. 1992) ("The court has the discretion to receive evidence on motions by affidavit, deposition, or oral testimony."); M.R. Civ. P. 43(e).  Additionally, because the court did not take evidence, it had no obligation to make findings of fact, so its denial of O'Brien's Rule 52 motion was appropriate. *In re Children of Kacee S.*, 2021 ME 36, ¶ 10 n.4, 253 A.3d 1063.

[¶6]   O'Brien argues that MMG did not have the contractual power to settle despite O'Brien's objection.  Absent any pending claim by O'Brien against MMG, however, the question whether MMG was authorized to settle Daniels's claims was not properly before the court.  Instead, the issue is whether the trial court abused its discretion in dismissing the action.

[¶7]  Under M.R. Civ. P. 41(a)(2), after service of an answer or the filing of a motion for summary judgment, "an action shall not be dismissed at the

plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," unless the parties stipulate to dismissal. The dismissal by court order may be with or without prejudice. M.R. Civ. P. 41(a)(2). In applying Rule 41(a)(2) in other contexts, we have reviewed the trial court's actions for an abuse of discretion. *See U.S. Bank Nat. Ass'n v. Curit*, 2016 ME 17, ¶ 10, 131 A.3d 903 ("Ordinarily, we review a court's dismissal of an action with prejudice for abuse of discretion."); *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 12, 158 A.3d 931; *Doe v. Hills-Pettitt*, 2020 ME 140, ¶ 8, 243 A.3d 461. In evaluating whether a court abused its discretion, we consider "(1) whether the court's factual findings are supported by the record according to the clear error standard, (2) whether the court understood the law applicable to the exercise of its discretion, and (3) whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness." *Green Tree Servicing*, 2017 ME 68, ¶ 12, 158 A.3d 931 (quotation marks omitted). There are no factual findings here, and thus the issues are whether the court understood the applicable law and whether it weighed the choices reasonably. *Id.*

[¶8] Typically, cases involving voluntary dismissals focus on the choice whether the dismissal should be with or without prejudice, which may turn on

the motivation of the plaintiff or the consequences to the defendant if the dismissal is without prejudice. *See, e.g.*, *TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶ 23, 5 A.3d 1042. Before 1989, a plaintiff had the right to dismiss the complaint without court approval until the eve of trial. *See Hall v. Norton*, 549 A.2d 372, 374-75 (Me. 1988); M.R. Civ. P. 41(a) (West 1988) ("[A]n action may be dismissed by the plaintiff *without order of court* (i) by filing a notice of dismissal at any time before commencement of trial of the action . . . ." (emphasis added)). Since 1989, we have required a court to determine whether a voluntary dismissal should be with prejudice to avoid any "tactical ability to impose expense and delay on other parties or avoid rule- or court-imposed deadlines by dismissal after extensive pretrial proceedings have taken place." M.R. Civ. P. 41 Advisory Committee's Notes 1989. Considerations may include the plaintiff's bad faith. *Hawkins*, 2010 ME 104, ¶ 23, 5 A.3d 1042. Consideration of prejudice to the defendant is generally limited to "plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160–61 (1st Cir. 2000) (quotation marks omitted.)

[¶9] The crux of O'Brien's grievance is that he will not be able to pursue a claim for wrongful use of civil process against Daniels because her claim has

6

been dismissed. O'Brien argues that the dismissal is not favorable to him, extinguishing his potential claim.[1]

[¶10] "[F]orcing plaintiffs to litigate a case against their will poses all manner of practical problems, especially where parties have settled. . . . It remains good sense and good law that plaintiffs, like defendants, should be able to refuse to offer evidence in support of their claims and likewise suffer the consequences of their decision." *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 752 (6th Cir. 2023) (alterations, citation, and quotation marks omitted). Indeed, the tort of wrongful use of civil process would require O'Brien to prove that Daniels "initiate[d], continue[d], or procure[d] civil proceedings without probable cause . . . with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." *Leighton v. Lowenburg*, 2023 ME 14, ¶ 19, 290 A.3d 68. It is hard to imagine why the defendant should be able to force the plaintiff to continue an action that she does not wish to continue for the sole purpose of establishing an alleged tort she apparently does not wish to commit.

---

[1] The tort of wrongful use of civil process requires that the plaintiff prove that previous proceedings against the plaintiff terminated in the plaintiff's favor. *Leighton v. Lowenburg*, 2023 ME 14, ¶ 19, 290 A.3d 68.

[¶11]  We note that the court did not hold an evidentiary hearing to support its findings that the settlement was reasonable and that MMG acted in good faith.  Those findings, however, should not have been made.  There was no issue before the court regarding MMG's reasonableness or good faith because there was no claim against MMG.  Thus, the merits of the settlement are not relevant to the court's exercise of its discretion.  It was unnecessary for the court to resolve any conflict between O'Brien and MMG.[2]

[¶12]  In short, the only purpose in denying the motion to dismiss and continuing the action would be to try to force the establishment of an element of a claim of wrongful use of civil process.  It was solidly within the court's discretion to dismiss the complaint with prejudice.

The entry is:

Judgment affirmed.

---

[2]  The merits of any claim by O'Brien against MMG would necessarily depend on the language of the insurance policy.  *See* 14A Jordan R. Plitt et al., *Couch on Insurance* § 203:45 (3d ed.), Westlaw (database updated Dec. 2025) ("[W]here an insurance policy grants to the insurer the right and duty to defend any claim or suit for covered injury or damage, including claims and suits that are groundless, false, or fraudulent and the right to settle any claim or suit within the available limits of coverage, the insurer need not obtain the insureds' consent prior to settling with a third party even if it leads to the loss of the insureds' potential claim for malicious prosecution.").

8

Jens-Peter W. Bergen, Esq. (orally), Law Office of Jens W. Bergen, Kennebunk, for appellant Patrick O'Brien and Linda S. Labas

Nelson J. Larkins, Esq. (orally), PretiFlaherty, Portland, for appellee Carissa Daniels

Matthew T. Mehalic, Esq. (orally), Norman Hanson & DeTroy, LLC, Portland, for appellee MMG Insurance Company

Oxford County Superior Court docket number RE-2023-20
FOR CLERK REFERENCE ONLY