MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2025 ME 94
Docket:      Pen-24-436
Argued:      September 9, 2025
Decided:     November 25, 2025

Panel:       STANFILL, C.J., and MEAD, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

## U.S. BANK, N.A.

v.

## RICHARD JEWETT et al.

MEAD, J.

[¶1]  Unifund CCR Partners appeals from a judgment of dismissal without prejudice against U.S. Bank National Association as Trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-4 entered on July 25, 2024, by the District Court (Newport, *Larson, J.*) on U.S. Bank's foreclosure action against Richard S. Jewett and Shirley A. Jewett. Unifund holds a judgment lien against the Jewetts' property.  Unifund contends that the court erred in dismissing the foreclosure action without prejudice because the dismissal will not have a preclusive effect on the unaccelerated amounts in future foreclosure actions.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  In November 1999, the Jewetts obtained a loan from Green Tree Servicing LLC (later Ditech Financial LLC) of $90,403.50, secured by a mortgage on their home in Dixmont, Maine.  In 2018, Ditech assigned the promissory note on the loan to U.S. Bank.  In August 2012, Unifund recorded a judgment execution lien in the amount of $6,179.72 against Richard Jewett's interest in the mortgaged premises.  The Jewetts have not made any monthly payments to U.S. Bank on the loan since before March 15, 2016.

[¶3]  U.S. Bank sent the Jewetts a "Notice of Right to Cure" on July 27, 2018, before it filed its complaint against them on September 24, 2018.  The complaint stated that the entire principal amount and all other sums were presently due and payable because of the default, listing the amount due as $85,876.23.  U.S. Bank named Unifund as a party in interest because of its judgment execution lien.  *See* 14 M.R.S. § 6321 (2025) (defining parties in interest as "mortgagors, holders of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors . . . .")

[¶4]  After a bench trial on June 16 and October 11, 2023, the court entered a judgment of dismissal against U.S. Bank without prejudice because it found that U.S. Bank's notice of default and right to cure had failed to comply

with the statutory requirements of 14 M.R.S § 6111(1), (1-A)(B) (2025).[1]  In entering its judgment of dismissal without prejudice, the court barred U.S. Bank from recovering in any subsequent foreclosure action attorney fees and costs as well as late charges or interest from the filing date of the complaint, but it did not explicitly bar U.S. Bank from recovering in any subsequent foreclosure proceeding the unaccelerated amounts then due on the loan.

[¶5]  On August 8, 2024, Unifund filed a motion to alter or amend the judgment of dismissal pursuant to M.R. Civ. P. 59(e), seeking a judgment for the Jewetts.  After a hearing on the motion on January 28, 2025, the court denied Unifund's motion.  Unifund timely appealed.  M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶6]  Unifund contends that the District Court was required to have simply entered a judgment for the Jewetts, rather than a dismissal without prejudice, its argument being that a judgment in favor of the mortgagor is necessary to ensure that in the future U.S. Bank and any possible successor mortgagees will be precluded from recovering the unaccelerated balance due on the note.  Unifund interprets *Finch v. U.S. Bank, N.A.*, 2024 ME 2, 307 A.3d

---

[1]  Title 14 M.R.S. § 6111 (2025) was amended once during the life of this case.  *See* P.L. 2019, ch. 361, §§ 1,2 (effective Sept. 19, 2019).  The amendments to the statute do not affect the analysis, and thus we cite the current version of the statute.

1049, as providing that a mortgagee, after a dismissal without prejudice, based upon a deficient 14 M.R.S. § 6111 notice, can still obtain in a subsequent foreclosure action the unaccelerated amounts then due on the loan.

[¶7] We review this matter de novo because it calls for a determination of the parameters of the trial court's authority. *See U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 4, 126 A.3d 734 ("The trial court's authority to undertake a particular action is an issue of law that we examine de novo." (alteration and quotation marks omitted)).

[¶8] "A plaintiff seeking a foreclosure judgment must comply strictly with all steps required by statute." *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (quotation mark omitted). Title 14 M.R.S. § 6111 prohibits a residential mortgage lender from accelerating the balance due on the note or enforcing the mortgage unless the lender has first issued to the borrower a notice of default and right to cure that complies with the statute. *See Finch*, 2024 ME 2, ¶ 6, 307 A.3d 1049. Section 6111's requirements to issue a valid notice of default and right to cure are "undeniably a precondition to the commencement of a foreclosure action." *Id.* ¶ 32. "A judgment that is based solely on a plaintiff's failure to meet a precondition to suit is not a 'judgment on the merits.'" *Id.* ¶ 32 n.10.

[¶9]  While the judgment is based on U.S. Bank's failure to issue a valid notice of default and right to cure, the effect is the same as when a lender fails to prove possession of a promissory note: "A lender who cannot prove ownership of the note lacks standing, and a foreclosure action commenced by a lender that lacks standing is dismissed without prejudice." *Id.* ¶ 32 n.9.  Thus, when a lender "fails to prove . . . that it has issued a valid notice of acceleration or fails to prove that the borrower has breached the parties' contract, the parties are returned to the positions they occupied before the filing of the actions (except as to any claim for an unaccelerated amount due that could have been litigated)." *Id.* ¶ 39.

[¶10]  Here, once the trial court determined that U.S Bank's notice of default and right to cure was defective and entered its judgment, the recovery of the unaccelerated amounts that could have been litigated became barred by the doctrine of claim preclusion.  *See id.* ¶ 39; *J.P. Morgan Mortg. Acquisition Corp. v. Moulton*, 2024 ME 13, ¶ 12, 314 A.3d 134.  The court was not required to enter a judgment for the Jewetts or explicitly include in the judgment that U.S. Bank was barred from collecting the unaccelerated amounts in order for claim preclusion to govern any future claim for those amounts.[2]  *Finch,* 2024

---

[2] Counsel for U.S. Bank explicitly confirmed this understanding during oral argument.

ME 2, ¶ 51 n.18, 307 A.3d 1049 ("If no claim for the unaccelerated amount due has been asserted, the effect of the judgment, under . . . the claim preclusion doctrine, is to bar any future claim for that amount because the claim could have been litigated regardless of the lender's failure to comply with section 6111.") In sum, the District Court was within its authority to dismiss the action without prejudice rather than entering a judgment for the Jewetts.

[¶11]  Further, the court can, and did, as authorized by *Finch*, impose other conditions on future proceedings.  *Id.* ¶ 51 ("In appropriate cases, the court should also consider imposing sanctions and other relief available under the foreclosure statutes or its inherent authority, including dismissal with prejudice if it is appropriate.")  Any issue regarding the amounts due or affirmative defenses such as claim preclusion are properly litigated in any subsequent foreclosure or collection proceedings.

The entry is:

> Judgment affirmed.

---

Stanley Greenberg, Esq. (orally), Greenberg & Greenberg, P.A., East Winthrop, for appellant Unifund CCR Partners

Carrie Folsom, Esq. (orally), and Erika Hoover, Esq., Korde & Associates, P.C., South Portland, for appellee U.S. Bank National Association as Trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-4

Newport District Court docket number RE-2018-62
FOR CLERK REFERENCE ONLY